**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Morgan Matchett,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-25-00457-TUC-LCK<br><br>**REPORT AND RECOMMENDATION** |

　　　Pending before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (IFP). (Doc. 2.) Because there is not, and absent the Defendant's appearance cannot be, full consent to Magistrate Judge jurisdiction in this case, the assigned Magistrate Judge submits a Report and Recommendation to Senior District Judge Raner C. Collins. Gen. Ord. 21-25. The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Motion and direct Plaintiff to pay the filing fee or her case will be dismissed.

　　　In her application, Plaintiff indicates that she has monthly income of $2292, although some of that income is not being paid due to pending litigation. (Doc. 2 at 2, 5.) Her husband's monthly income is $9853 per month. (Doc. 2 at 2.) Plaintiff states that she has close to $3000 in the bank and her husband has approximately $5000 in the bank, and this money is earmarked for bills. (*Id.* at 2, 5.) She and/or her spouse own a home worth over $300,000, a second piece of real estate worth $65,000 (which provides rental income), and two cars worth $9800 and $4800. (*Id.* at 3.) They have a college-aged daughter and

high school-aged daughter that rely on them for support. (*Id.* at 3.) Their monthly expenses exceed their income by more than $2000 per month. (*Id.* at 2, 5.)

Pursuant to 28 U.S.C. § 1915(a), a plaintiff may file an action without paying the filing fee if she submits an affidavit stating that she lacks sufficient funds, and if her suit is not frivolous or malicious. *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984). A plaintiff's affidavit is sufficient to support her application when "it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). To obtain IFP status, the plaintiff "must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The Ninth Circuit has directed that an IFP application should not be denied based on the financial resources of a spouse unless those resources are available to the plaintiff and the spouse has sufficient funds to assist in paying the fee. *Id.*

The Court finds it evident from the affidavit that Plaintiff's spouse shares his income with his wife and family. He is listed as the sole person paying the mortgage, home maintenance, and food costs for the household, while some other expenses are split. (Doc. 2 at 4.) When Plaintiff indicated that money in the bank was for bills, she did not distinguish between money in her account and that in her husband's account. (*Id.* at 2, 5.) Therefore, the Court considers the husband's income and bank account when evaluating Plaintiff's motion. *Escobedo*, 787 F.3d at 1236 (finding that when spouses share incomes, a court could consider a spouse's income when ruling on an IFP application).

Taking Plaintiff's contested income out of consideration, Plaintiff indicated that she and her spouse have income amounting to more than $130,000 per year. While subject to a mortgage, she and her husband own a home, a second inherited property, and two vehicles. It appears they spend more than their income on a monthly basis and pay a substantial amount on credit cards each month, but they do have some funds in the bank. (Doc. 2 at 2, 4.) Given the level of assets Plaintiff and her spouse possess, the Court finds that Plaintiff has not established her poverty with certainty or that she will not be able to

afford the necessities of life if she is required to pay the $405 filing fee.

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order denying Plaintiff's Motion for In Forma Pauperis Status (Doc. 2) and directing her to pay the filing fee or her Complaint will be subject to dismissal. Pursuant to Federal Rule of Civil Procedure 72(b)(2), Plaintiff may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived.

Dated this 14th day of August, 2025.

Honorable Lynnette C. Kimmins
United States Magistrate Judge